873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathan WECHSLER, Defendant-Appellant.
 No. 88-6034.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1989.
Decided: April 13, 1989.
 
 James Linwood Quarles, III (Jane E. Serene; Jude A. Curtis, Hale and Dorr, on brief), for appellant.
 William G. Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney; Michael P. Socarras, Special Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and ALEXANDER HARVEY, II, Chief Judge of the United States District Court for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Nathan Wechsler appeals the district court's denial of his petition for a writ of error coram nobis to vacate his 1967 conviction for conspiring to violate the Travel Act, 18 U.S.C. Sec. 1952. We affirm the district court's judgment.
 
 
 2
 The indictment charged that Wechsler conspired to use facilities in interstate commerce "to establish and carry on and facilitate the establishment and carrying on of an unlawful activity by the bribery of officers of the State of Virginia in violation of the laws of the State of Virginia." Wechsler argues that the single interstate act alleged in the indictment, the clearance of a bribe check through interstate banking channels, was insufficient to support a Travel Act conviction. This argument was rejected by this court on Wechsler's direct appeal. United States v. Wechsler, 392 F.2d 344, 347 (4th Cir.1968). Wechsler contends that the Supreme Court's subsequent interpretation of the Travel Act in Rewis v. United States, 401 U.S. 808 (1971), requires this court to reverse the district court's judgment and vacate his conviction.*
 
 
 3
 Wechsler's conviction was based on the following facts. In 1960, Wechsler and his business partners sought to procure a change in the zoning of some land in Fairfax County, Virginia. After filing an application for the rezoning with the county's board of supervisors, the partners arranged for attorney John C. Somers to assist them in the matter and placed a $5,500 check in escrow for Somers. After the board approved the desired zoning change, the partners released the $5,500 check to Somers, who deposited it into his own account and then wrote a check for the same amount to supervisor Clairborne Leigh. Leigh deposited the check into his account with a Virginia bank and wrote checks drawn on the account to himself and two other supervisors. One of the supervisors, Robert Cotten, deposited his check for $1,000 into his account with a Washington, D.C., bank. After the board's action was set aside in state judicial proceedings, the partners filed a new application and the board members who had been bribed again voted to grant it. Wechsler, 392 F.2d at 346, 347 n. 3.
 
 
 4
 In denying the writ, the district court properly held that this case is governed by United States v. LeFaivre, 507 F.2d 1288 (4th Cir.1974). In LeFaivre, we affirmed the Travel Act conviction of a defendant involved in a gambling operation located wholly within Maryland. The only interstate action was the deposit of 14 out-of-state checks from bettors. We held that this set of facts clearly fell within the language of the statute; by depositing the bettors' out-of-state checks, the defendant used a facility in interstate commerce to facilitate the operation of the gambling enterprise. For this reason, we distinguished Rewis and its progeny on which Wechsler relies. We declined to read into the statute any requirement that there be a substantial and integral involvement of interstate facilities with the illegal activity. We held that no such requirement is implicit in the statute or in the Supreme Court's interpretation of the Travel Act in Rewis. LeFaivre 507 F.2d at 1294-95. See also United States v. Lozano, 839 F.2d 1020, 1022 (4th Cir.1988).
 
 
 5
 AFFIRMED.
 
 
 
 *
 In Rewis, the Supreme Court held that "conducting a gambling operation frequented by out-of-state bettors" does not, by itself, violate the Travel Act. 401 U.S. at 811